IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

DARRELL L. SMITH,

    Plaintiff,

vs.

SOC/THEFT/AND/ID THEFT,

    Defendant.

8:23CV91

MEMORANDUM AND ORDER

Plaintiff Darrell L. Smith filed a Complaint on March 13, 2023. Filing No. 1. Plaintiff has been given leave to proceed in forma pauperis. Filing No. 5. The Court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff brings this action seeking to recover $100 million in damages from Defendant "Soc/theft/And/Id theft." Filing No. 1 at 1. Plaintiff's only factual allegations consist of the following: "fake Id And someone stole money out of Soc/pot" and "file for bankrapcty [sic] in Sept." Id. at 3–4.

This case is duplicative of Case No. 8:23CV48, which was initially filed on February 2, 2023, and is currently pending before the undersigned. In Case No. 8:23CV48, Plaintiff filed an amended complaint on May 8, 2023, which lists Motor City, "Soc Admemastion," and "Idenacation/Theft" as defendants. Filing No. 6 at 2, Case No. 8:23CV48. Plaintiff makes essentially the same factual allegations in Case No. 8:23CV48 as he makes here and requests the same relief, i.e., $101 million in damages

for "soc/Theft in a state I never been," "ID theft," and "stole[n] money out of Soc/some out a state I don't live."[1] Filing No. 6 at 3–4, Case No. 8:23CV48.

## II. STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. See 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); see also *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation

---

[1] "District courts are accorded 'a great deal of latitude and discretion' in determining whether one action is duplicative of another, but generally, a suit is duplicative if the 'claims, parties, and available relief do not significantly differ between the two actions.'" *Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993) (citation omitted).

2

is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

### III. ANALYSIS OF COMPLAINT

Federal Rule of Civil Procedure 8 requires that every complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "each allegation . . . be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). A complaint must state enough to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555). While complaints filed by pro se litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), even pro se litigants must comply with the Federal Rules of Civil Procedure.

Here, Plaintiff's Complaint fails to meet this minimal pleading standard. Even construed liberally, the Court cannot identify any federal statutory or constitutional provision that would give rise to a plausible claim for relief against the named defendant based on the facts alleged. Plaintiff's Complaint attributes no fault to the named defendant, and the named defendant does not even appear to be the person or entity responsible for the acts alleged. These allegations do not state sufficient facts to

provide fair notice of the nature and basis or grounds for any claims over which this Court would have jurisdiction.

The Court finds that leave to amend would be futile as this case is duplicative of Case No. 8:23CV48, which remains pending. In Case No. 8:23CV48, Plaintiff raises the same vague claims about identity theft and social security theft as he attempts to raise in the present case. Plaintiff was given leave to file an amended complaint in Case No. 8:23CV48, which he has done and which is pending the Court's review pursuant to 28 U.S.C. § 1915(e). Thus, Plaintiff will not be prejudiced in any manner by the dismissal of the present action.

Accordingly, this case will be dismissed as being wholly duplicative of Case No. 8:23CV48. See *Kriz v. 12th Judicial Dist Bd of Mental Health of Box Butte Cty.*, No. 4:05 CV 3253, 2005 WL 2563040, at *1 (D. Neb. Oct. 11, 2005) ("plaintiffs have no right to maintain two actions on the same subject in the same court, against the same defendant[s] at the same time." (quoting *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138-39 (2d Cir.2000))); *see also Missouri ex rel. Nixon v. Prudential Health Care Plan, Inc.*, 259 F.3d 949, 954 (8th Cir. 2001) ("Plaintiffs may not pursue multiple federal suits against the same party involving the same controversy at the same time.").

IT IS THEREFORE ORDERED that:

1. This action is dismissed without prejudice.

2. Judgment shall be entered by separate document.

Dated this 24th day of May, 2023.

BY THE COURT:

*[signature]*

Joseph F. Bataillon
Senior United States District Judge