IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DARRELL SMITH, | **8:23CV48** |
| Plaintiff, | |
| vs. | **MEMORANDUM AND ORDER** |
| MOTOR CITY, and  SOC ADMEMASTION 109, | |
| Defendants. | |
| | |
| DARRELL L. SMITH, | **8:23CV91** |
| Plaintiff, | |
| vs. | **MEMORANDUM AND ORDER** |
| SOC/THEFT/AND/ID THEFT, | |
| Defendant. | |

The above-captioned matters are before the Court on four pieces of correspondence from Plaintiff, all of which the Court has docketed as motions in each case.  Filing Nos. 18, 19, 20, & 21, Case No. 8:23CV48; Filing Nos. 24, 25, 26, & 27, Case No. 8:23CV91.[1]

In the first motion, Plaintiff appears to ask why his cases have been closed and, liberally construed, seeks to reopen the cases to amend his pleadings because he needs help "fixing" his name in several cities.  Filing No. 18.  In the other three motions, Plaintiff indicates he needs to amend his pleadings due to identity theft and social security theft, Filing No. 19, and states the following:

---

[1] Unless otherwise noted, citations to the record will be to Case No. 8:23CV48.

> I file for name change a year ago[.]  They gave ID's in someone else name[.]
> I still have to send this to all 50 state[.]  Don't get enough to buy ID's all state
> need help file for ID theft and Soc/theft[.]
>
> Need picture with name under
>         Darrell Lamar Smith
>         Lamar Montgomery.

Filing No. 20 (spelling as in original; capitalization altered from original).  Additionally,

Plaintiff states "someone getting disablity [sic] in my name Darrell Lamar Smith change

to Lamar Montgomery and asking court to pay for this and to amend court til [sic] I can

pay." Filing No. 21.

Both of the above-captioned cases have long been closed,[2] and Plaintiff's motions

do not present any legal basis for obtaining relief from the Court's judgments.  While it

plainly appears that Plaintiff is seeking assistance with some identity and/or social

security theft that he has experienced, his continued filing of vague, unintelligible motions

in his closed cases in this Court are not going to help him obtain the assistance he seeks.

Again, these cases are closed, and the Court cannot give Plaintiff the assistance he

seeks.  Plaintiff may want to consult IdentityTheft.gov, which contains resources for

identity theft victims.  See https://www.identitytheft.gov/.  To the extent Plaintiff seeks any

relief in this Court, however, his motions are denied.

Plaintiff is also advised to refrain from filing any more unintelligible and frivolous

motions in these closed cases as doing so unnecessarily expends the Court's limited

resources.  To that end, the Court will prohibit Plaintiff from filing any future documents or

---

[2] Plaintiff's Complaint in Case No. 8:23CV91 was dismissed without prejudice on May 24, 2023, for failure
to state a claim and because it was duplicative of Case No. 8:23CV48.  Filing No. 9, Case No. 8:23CV91.
Plaintiff prosecuted an untimely appeal which was dismissed for lack of jurisdiction on November 14, 2023,
and the mandate issued on December 13, 2023.  Filing Nos. 16 & 19, Case No. 8:23CV91.  In Case No.
8:23CV48, Plaintiff's Amended Complaint was dismissed with prejudice for failure to state a claim for relief
on August 16, 2023, and no appeal was prosecuted.  Filing No. 9, Case No. 8:23CV48.

motions in these closed cases, except for a notice of appeal or appellate documents. *See*

*Grady v. Gaddy*, No. 4:19-CV-1701 NCC, 2021 WL 1020766, at *1 (E.D. Mo. Mar. 16,

2021), *aff'd*, No. 21-1860, 2021 WL 8155004 (8th Cir. June 22, 2021) (imposing identical

restrictions).

IT IS THEREFORE ORDERED that:

1.    Plaintiff's motions, Filing Nos. 18, 19, 20, & 21, Case No. 8:23CV48; Filing

Nos. 24, 25, 26, & 27, Case No. 8:23CV91, are denied.

2.    Plaintiff is prohibited from filing any future documents or motions in either of

these closed cases, except for a notice of appeal or appellate documents.

3.    The Clerk of Court shall not accept any additional documents or motions

filed by Plaintiff in either of these closed cases, except for a notice of appeal or appellate

documents.  If Plaintiff files an additional document or motion, the Clerk shall return it to

Plaintiff.

Dated this 16th day of October, 2024.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge